THE HONORABLE THOMAS S. ZILLY

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| In Re:<br><br>HYUNSOOK CHUNG,<br><br>Debtor. | |
| TOUCH NETWORKS, INC., a Washington corporation,<br><br>Plaintiff/Appellant,<br><br>vs.<br><br>GOGI DESIGN, LLC, a Washington limited liability company, and HYUNSOOK CHUNG,<br><br>Defendants/Appellees. | No. C10-1920Z<br><br>ORDER |

This MATTER comes before the Court on appeal by Touch Networks, Inc. from the Order and Judgment of the bankruptcy court awarding Appellee's attorney's

ORDER - 1

fees and costs, docket no. 1. For the following reasons, the Court now REVERSES the bankruptcy court's award of attorney's fees.

I. **BACKGROUND**

Appellant Touch Networks, Inc. ("Touch Networks") hired Appellee Ms. Chung to develop graphic designs and promotional items for video game accessories created by Touch Networks. Appellee Brief at 8 (docket no. 12). Ms. Chung signed a Nondisclosure Agreement ("NDA" or "Agreement") on March 15, 2005. ER 13. The NDA provided that:

> In the event a party to this Agreement commences any action or proceeding (or an appeal of such action or proceeding) against the other or otherwise retains an attorney by reason of any breach or claimed breach of any provision of this Agreement, or to seek judicial declaration of rights hereunder or judicial or equitable relief, the prevailing party in such action or proceeding shall be entitled to recover its reasonable attorneys' fees and costs.

ER 20. On November 2, 2007, Touch Networks sued Ms. Chung for breach of the NDA and received a judgment for breach of contract and an award of attorney's fees. ER 14, 17.

On July 27, 2009, Ms. Chung filed a Chapter 7 bankruptcy petition. Transmittal of Documents at 2 (docket no. 1-4). Touch Networks challenged Ms. Chung's right to a discharge on the basis that she had not filed federal tax returns and had transferred an automobile within one year of filing her bankruptcy petition. Id. at 2. On September 23, 2010, Ms. Chung prevailed in the nondischargeability action, and on October 7, 2010, filed her motion for an award of attorney's fees and costs. Id.

at 10.  Ruling from the bench, the court found that the attorney's fees provision in the NDA was broad enough to permit an award of attorney's fees to Ms. Chung as the prevailing party in the nondischargeability action.  ER 68.  The court accordingly awarded Ms. Chung $27,500 in attorney's fees, plus costs.  ER 81.  Touch Networks now timely appeals the bankruptcy court's attorney's fees award.

II. **DISCUSSION**

**A. Standard of Review**

No general right to attorney's fees exists under the Bankruptcy Code, although a prevailing party in a bankruptcy action may be entitled to attorney's fees when authorized by statute or contract.  See Baroff v. Ford, 105 F.3d 439, 441 (9th Cir. 1997).  Federal courts apply state law to interpret contractual attorney's fees provisions.  See Resolution Trust Corp. v. Midwest Fed. Sav. Bank, 36 F.3d 785, 800 (9th Cir. 1993).  In construing a contract, "(1) the intent of the parties controls; (2) the court ascertains the intent from reading the contract as a whole; and (3) a court will not read an ambiguity into a contract that is otherwise clear and unambiguous."  Dice v. City of Montesano, 131 Wn.App. 675, 684 (2006) (quoting Mayer v. Pierce County Med. Bureau, 80 Wn.App. 416, 420 (1995)).  Although a bankruptcy court's award of attorney's fees is generally reviewed for abuse of discretion, see In re Music Merchs., Inc., 208 B.R. 944, 946 (9th Cir. BAP 1997) (citing In re Nucorp Energy, Inc., 764 F.2d 655, 657 (9th Cir. 1985), where a court's award of attorney's fees turns on a

question of law, or on a question of contractual interpretation, the Court reviews that award de novo. FDIC v. Lugli, 813 F.2d 1030, 1034 (9th Cir. 1987).

**B. Discussion**

Although the first clause of the NDA, "In the event a party to this Agreement commences *any action* or proceeding…against the other…," is broad, it is necessarily modified by the second clause, "*by reason of any breach* or claimed breach of any provision of this Agreement, or to seek judicial declaration of *rights hereunder* or judicial or equitable relief…" (emphasis added). Read as a whole, the fee shifting agreement in the NDA was intended to cover only actions between the parties which arose out of the Agreement. It does not act as a blanket provision covering any future action between the parties; this would be an unreasonable interpretation even of such a broad provision. The Agreement between the parties was not at issue in the nondischargeability action[1] – the sale of Ms. Chung's automobile and the status of her tax returns were the subject of the action. Accordingly, the bankruptcy court's interpretation of the NDA as encompassing the nondischargeability action was contrary to the NDA.

The cases cited by Ms. Chung in support of the attorney's fees award are distinguishable. She cites Marsu, B.V. v. Walt Disney Co., 185 F.3d 932, 939 (9th Cir. 1999) for the proposition that the Ninth Circuit has enforced broad attorney's fees provisions in the past. But in Marsu, the court found that the "provision applie[d] to

---

[1] The bankruptcy court did not find that the NDA was at issue in the nondischargeability action, nor does Ms. Chung argue that it was.

Marsu's tort claims because they arise out of or in connection with the contract." Id. at 939 (internal quotation omitted). Here, in contrast, there is no argument that the nondischargeability claims arose out of the NDA.

Ms. Chung cites In re Sheldon Baroff, 105 F.3d 439 (9th Cir. 1997) as an example of a case where the broad language in a settlement agreement was sufficient to cover a nondischargeability complaint in bankruptcy court. However, in Baroff, the settlement agreement "purport[ed] to release the parties from all other claims, including the disputed debts." Id. at 442. In contrast, the NDA does not purport to protect Ms. Chung from a nondischargeability complaint.

Finally, Ms. Chung cites Countrywide Homes Inc v. Hoopai (In re Hoopai), 581 F.3d 1090 (2009). This case is inapposite. Hoopai analyzed whether the debtor was the prevailing party, and there was no question whether the action was on contract. Id. at 1101-04.

### III. CONCLUSION

For the foregoing reasons, the Court REVERSES the bankruptcy court's award of attorney's fees.

IT IS SO ORDERED.

DATED this 3rd day of August, 2011.

Thomas S. Zilly
United States District Judge